NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0824n.06
Filed: October 7, 2005

No. 04-1870

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

BRIGHTON OPTICAL, INC., a Michigan )
corporation; JOHN BIRCHMEIER, O.D.; NICHOLS )
OPTICAL, INC., a Michigan corporation; )
ELIZABETH NICHOLS, O.D.; DAVID CANNON, )
O.D.; GERALD SKIBA II, O.D.; JULIE )
RUNSTROM, O.D.; ERIC J. SIESEL, O.D.; )
GERALD ROZANOFF, O.D., P.C., a Michigan )
corporation; LORO INVESTMENTS, INC., a ) ON APPEAL FROM THE
Michigan corporation; GERALD ROZANOFF, O.D.; ) UNITED STATES DISTRICT
MICHAEL NORTH, O.D.; DOUGLAS ) COURT FOR THE EASTERN
SCHNEIDER, O.D., P.C., a Michigan corporation; ) DISTRICT OF MICHIGAN
DOUGLAS SCHNEIDER, O.D.; MARIEBETH )
BANGERT, O.D.; MACOMB VISION CLINIC, ) **O P I N I O N**
INC., a Michigan corporation; THOMAS STONE, )
O.D.; SUDBURY VISION ASSOCIATES, INC., a )
Massachusetts corporation; TWENTY-TWENTY )
VISION, INC., a Massachusetts corporation; )
HAROLD F. CURTIN III, O.D.; RALPH W. EAVES, )
O.D.; SHANNON D. FOWLER, O.D., P.A., a Florida )
professional association; TOSS OPTOMETRY, INC., )
a Michigan corporation; JON P. WEBB, O.D.; )
RANDY WATSKY, O.D., P.C., a Michigan )
corporation; and RANDY WATSKY, O.D., )
                                                        )
         **Plaintiffs-Appellants,**                     )
                                                        )
v.                                                      )
                                                        )
VISION SERVICE PLAN, a California corporation,          )
                                                        )
         **Defendant-Appellee.**                        )

**BEFORE: BOGGS, Chief Judge; NORRIS and COOK, Circuit Judges.**

PER CURIAM. Plaintiffs are licensed optometrists from Michigan, Massachusetts, and Florida who have been participating providers in a vision insurance plan administered by defendant Vision Service Plan ("VSP"), a non-profit California corporation.[1] Although the complaint asserts several causes of action, the core of the dispute revolves around defendant's decision to terminate plaintiffs as "member doctors" for allegedly breaching the Member Doctor Agreement ("MDA"), which provides in part as follows: "Member Doctor shall have, or be employed by another VSP Member Doctor who has, majority ownership and complete control of all aspects of his/her practice, including dispensary." According to VSP, the franchise agreements entered into by plaintiff optometrists violated the "ownership and control" requirement. For their part, plaintiffs contend that they were terminated as members because VSP wished to consolidate its dominance of the managed vision care insurance market.

The six-count complaint was filed on December 10, 2003. First, it alleges that VSP violated plaintiffs' due process rights under California law: "VSP is prevented under California law from terminating its members arbitrarily and before affording such members due process or fair procedures, and any termination must be conducted in good faith and in a fair and reasonable manner." Complaint at ¶ 345. Second, it invokes the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and asks the district court to resolve whether the franchise agreements "interfere with the practitioner plaintiffs' exercise of independent professional judgment in the operation of their respective optometric practices, including dispensaries." Complaint at ¶ 351. Third, the plaintiffs

---

[1]The complaint also names as plaintiffs the businesses controlled by these individual optometrists, which are either Pearle Vision or D.O.C. Optics Corporation franchises.

allege breach of contract—specifically, wrongful termination under the terms of their respective MDAs.  Counts four and five allege attempted monopolization of the prepaid primary vision care services and insurance markets under the Sherman Act, 15 U.S.C. § 2.  The final count invokes the Michigan Antitrust Reform Act, Mich. Comp. Laws § 445.701 *et seq.*

When they filed their complaint, plaintiffs also filed a motion for preliminary injunction.  It is the ruling with respect to this motion that is at issue in this appeal.  The district court adopted a magistrate judge's proposed findings of fact and conclusions of law which recommended denying plaintiffs a preliminary injunction.  This interlocutory appeal followed.  The resolution of this appeal hinges upon our standard of review.  This court recently summarized the requirements for a preliminary injunction, as well our standard of review, in these terms:

> Whether a preliminary injunction should be granted is a decision left to the sound discretion of the district court. *Allied Sys., Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm.*, 179 F.3d 982, 985-86 (6th Cir. 1999). A district court, in deciding whether to grant an injunction, "abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997). The following factors are to be considered by a district court in deciding whether to grant a preliminary injunction:
>
> > (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees*, 411 F.3d 777, 782 (6th Cir. 2005) (en banc). While the first of these factors is reviewed *de novo*, *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760

(6th Cir. 2005), *cert. denied*, 73 U.S.L.W. 3734 (U.S. Oct. 3, 2005) (No. 04-1684) (citing *N.A.A.C.P. v. City of Mansfield*, 866 F.2d 162, 169 (6th Cir. 1989)), "the district judge's weighing and balancing of the equities should be disturbed on appeal only in the rarest of cases." *Id.* (quoting *N.A.A.C.P.* at 166).

Our independent review of the substantive issues reveals a number of close questions, which include the extent to which California law governs the termination procedures used by VSP; whether, if California law governs, those procedures comport with that law; and the meaning of the phrase "complete control of all aspects of his/her practice, including dispensary" as used in the MDAs at issue. However, simply because the claims at issue are closely contested does not mean that the district court abused its discretion in denying a preliminary injunction. Plaintiffs must show a substantial likelihood of success on the merits; here they have only shown the possibility of success. Particularly when the three remaining factors are considered, we cannot conclude that this is one of those "rarest of cases" that require us to reverse the district court's balancing of the equities.

The order of the district court denying the motion for a preliminary injunction is **affirmed**.